UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARBELLA AT SPANISH WELLS
1 CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

v.                               Case No.:  2:21-cv-641-SPC-MRM

EMPIRE INDEMNITY
INSURANCE COMPANY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Pending before the Court is Plaintiff's Motion to Compel Appraisal, filed on October 29, 2021.  (Doc. 20).  Defendant filed Defendant's Response in Opposition to Plaintiff's Motion to Compel Appraisal on November 11, 2021.  (Doc. 31).  With leave of Court, (Doc. 34), Plaintiff filed Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Compel Appraisal on December 8, 2021.  (Doc. 35).  The motion is ripe for consideration.

For the reasons below, the Undersigned recommends that Plaintiff's Motion to Compel Appraisal (Doc. 20) be **GRANTED**.

**I.     BACKGROUND**

This matter arises from an insurance dispute between Plaintiff, a condominium association owning sixteen buildings in Bonita Springs, Florida, and

its commercial property insurer. (*See* Docs. 20 at 1-2; 31 at 1).[1] Defendant issued a commercial property insurance policy to Plaintiff, bearing policy number ECL9490679-02, for the period May 14, 2017, to May 14, 2018, ("Policy"). (*See* Docs. 20 at 1; 31-2 at 8).

The relevant provisions of the Policy read:

> **E. Loss Conditions**
>
> The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.
>
> . . .
>
> **2. Appraisal**
>
> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
>> **a.** Pay its chosen appraiser; and
>>
>> **b.** Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.

---

[1] Pinpoint page citations for documents refer to CM/ECF pagination.

(Doc. 31-2 at 37).

On September 10, 2017, Hurricane Irma allegedly damaged a portion of Plaintiff's commercial property. (Doc. 20 at 1). Plaintiff submitted a claim to Defendant for the damage, and Defendant opened coverage. (*Id.*). However, a dispute ultimately arose as to the amount of loss. (*Id.*).

On May 17, 2021, the parties participated in mediation, but they did not reach an agreement. (*Id.* at 2). As a result, Plaintiff formally demanded appraisal under the Policy on July 26, 2021. (*Id.*; *see also id.* at 10-11). When Defendant refused to participate in the appraisal process, Plaintiff sued and moved to compel appraisal. (*Id.* at 2; *see also* Doc. 1).

## II.   ARGUMENTS

In its motion, Plaintiff essentially asserts that: (1) its property sustained covered damage as a result of Hurricane Irma, (*see* Doc. 20 at 1); (2) the property was insured by the Policy when the damage occurred, (*see id.*); (3) the operative Policy included an appraisal provision; (*id.* at 2-4); (4) Plaintiff properly requested an appraisal under the Policy, (*see id.* at 1, 2, 3-4); (5) there are no coverage issues and Defendant has opened coverage on most of the buildings at the property, (*see id.* at 5-6, 7); (6) a dispute arose as to the total amount of loss, (*see id.* at 1, 6, 7); and (7) Defendant improperly refused to engage in an appraisal, (*see id.* at 1-2, 3-4, 7). Plaintiff, therefore, contends that the Court should compel appraisal and stay the proceedings until the appraisal process is complete. (*Id.* at 7).

In response, Defendant first argues that Plaintiff waived its right to seek appraisal by:

> (a) filing a complaint and amended complaint demanding a trial by jury on all issues so triable (reserving no factual dispute for appraisal) and in fact never mentioning or pleading appraisal (Doc. 3-4), (b) making the disclosures required by Rule 26(a)(1) to support its cause of action, and (c) participating in the Rule 26(f) conference that led to the joint report (Doc. 19) on which the Court relied in entering its scheduling order for the jury trial that Plaintiff demanded (Doc. 26).

(Doc. 31 at 2-3).

Second, Defendant contends that Plaintiff's motion is due to be denied because it does not establish an entitlement to injunctive relief in the form of compelling appraisal and the only cause of action brought was contractual rather than equitable. (*Id.* at 3-4 (citations omitted)). Defendant essentially maintains that a motion "seeking to compel Empire to take affirmative action by forcing it to proceed to an appraisal" is a motion for injunctive relief. (*Id.* at 4). Yet, the argument goes, "Plaintiff did not mention, let alone argue, that it satisfied any of the requisite elements for injunctive relief" in the Complaint. (*Id.*).

Third, Defendant asserts that Plaintiff's alleged supplemental claim for window damage is statutorily barred because Plaintiff notified Defendant of the claim more than three years after the loss. (*Id.* at 4-5 (citing *inter alia* Fla. Stat. § 627.70132(2))).

Fourth, Defendant argues that there is no loss to be appraised under the Ordinance or Law Coverage provision because Plaintiff "has not repaired its

4

property as the Policy and Florida law requires." (*Id.* at 5-6 (emphasis omitted)). More specifically, Defendant maintains that "Plaintiff is not entitled to coverage for or appraisal of increased cost of construction because there is no record evidence that Plaintiff made repairs and incurred any loss that would entitle it to the Increased Cost of Construction Coverage." (*Id.* at 5; *see also id.* at 6).

Fifth, Defendant argues that Plaintiff's motion "amounts to an improper summary judgment motion seeking relief it did not plead and must meet the requirements for such a motion under Rule 56." (*Id.* at 6-7). Defendant maintains that Plaintiff's motion does not meet the requirements for a Rule 56 motion because "it relies nearly entirely on argument of counsel and inadmissible hearsay" and that Defendant "objects to any fact or document that is not properly authenticated." (*Id.*). Put simply, Defendant contends that "[w]ithout proper summary judgment evidence as required by Rule 56, Plaintiff's Motion should be denied." (*Id.*).

By way of a reply, Plaintiff asserts that: (1) Plaintiff's demand for appraisal is ripe and proper because the Policy includes an appraisal provision, Defendant has opened coverage at the property and found storm-related damage on eight buildings, and there is a dispute as to the amount loss, (Doc. 35 at 1-2 (citations omitted)); (2) the dispute over the scope of the damage or the applicability of the Ordinance or Law Coverage provision is appropriate for appraisal even if further litigation is necessary and the use of a detailed line-item appraisal award form will reserve issues as needed, (*id.* at 2-3 (citations omitted)); (3) Plaintiff has not waived its right to appraisal because Plaintiff's actions, including the filing of the case, were intended to

5

force Defendant to engage in appraisal, (*id.* at 3-5 (citations omitted)); and (4) Plaintiff does not have to plead a request for injunctive relief or prove the elements to prevail on an appraisal request because a motion to compel appraisal is not equivalent to a motion for summary judgment, (*see id.* at 5-6 (citations omitted)).

### III. LEGAL STANDARD

In a diversity case, the substantive law of the forum state – in this case Florida – applies. *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1020 (11th Cir. 2014). "In Florida, appraisal provisions contained within insurance policies are generally treated the same as arbitration provisions." *Wright Way Emergency Water Removal, LLC v. Mt. Hawley Ins. Co.*, No. 8:16-cv-1163-T-17MAP, 2016 WL 9526569, at *2 (M.D. Fla. July 29, 2016). Thus, "motions to compel appraisal should be granted whenever the parties have agreed to the provision." *Id.* (citing *Preferred Mut. Ins. Co. v. Martinez*, 643 So. 2d 1101, 1102 (Fla. 3d DCA 1994)). Additionally, "enforcement of appraisal provisions [is] preferred over lawsuits 'as they provide a mechanism for prompt resolution of claims and discourage the filing of needless lawsuits.'" *Id.* (quoting *First Protective Ins. Co. v. Hess*, 81 So. 3d 482, 485 (Fla. 1st DCA 2011)).

Furthermore, "[u]nder Florida law, a dispute regarding a policy's coverage for a loss is exclusively a judicial question." *McPhillips v. Scottsdale Ins. Co.*, No. 2:18-cv-421-FtM-99CM, 2018 WL 3805865, at *2 (M.D. Fla. Aug. 10, 2018) (citation omitted). "However, when an insurer acknowledges that there is a covered loss, any

dispute regarding the amount of such loss is appropriate for appraisal." *Evanston Ins. Co. v. Etcetera, Etc Inc.*, No. 2:18-cv-103-FtM-99MRM, 2018 WL 3526672, at *3 (M.D. Fla. July 23, 2018) (citations omitted).

## IV. ANALYSIS

The Undersigned finds that appraisal should be compelled in this case. First, the Policy expressly provides for a unilateral invocation of appraisal. (Doc. 31-2 at 37). Second, Plaintiff meets the requirement for appraisal because Plaintiff sustained a covered loss and a dispute has arisen as to the total amount of loss. (Doc. 20 at 1-2, 3-4, 7; *see also* Doc. 31-2 at 37). Notably, Defendant does not contest these specific assertions. (*See* Doc. 31). As a result, because there is a dispute over the amount of a covered loss and the Policy contains an appraisal provision, the Undersigned finds that requiring the parties to engage in an appraisal is appropriate in this case. *See Johnson*, 828 So. 2d at 1025; *Evanston*, 2018 WL 3526672, at *3.

Moreover, the Undersigned is not persuaded by Defendant's arguments as to why appraisal should not be ordered. The Undersigned considers each specific contention below.

### A. Whether Plaintiff Waived Its Right to Appraisal.

As to Defendant's first specific contention – that Plaintiff waived its right to seek appraisal, (*see* Doc. 31 at 2-3 (citations omitted)) – the Undersigned is not persuaded. While a party may waive its right to appraisal "if [the party] extensively litigates the amount of loss or otherwise acts inconsistently with its appraisal rights,"

7

*Waterford Condo. Ass'n of Collier Cty, Inc. v. Empire Indem. Ins. Co.*, No. 2:19-cv-81-FtM-38UAM, 2019 WL 4863134, at *1 (M.D. Fla. July 3, 2019), *report and recommendation adopted sub nom. Waterford Condo. Ass'n of Collier Cnty., Inc. v. Empire Indem. Ins. Co.*, 2019 WL 3852731 (M.D. Fla. Aug. 16, 2019) (collecting cases), the Undersigned finds that Plaintiff has not done so here.

First, there is nothing in the language of the Policy requiring appraisal to be sought before filing suit. (*See* Doc. Doc. 31-2); *see also CMR Constr. & Roofing, LLC v. Empire Indem. Ins. Co.*, No. 2:18-cv-779-FtM-99UAM, 2019 WL 2281678, at *4 (M.D. Fla. May 29, 2019) (citation omitted) ("Whether an appraisal must be sought prior to filing suit, *i.e.*, whether it is a condition precedent to the filing of a lawsuit, depends on the wording of the insurance contract."), *aff'd*, 843 F. App'x 189 (11th Cir. 2021). Second, the Court has "consistently allowed insured parties to seek appraisal after demanding a jury trial." *See, e.g.*, *Waterford Condo. Ass'n of Collier Cnty., Inc. v. Empire Indem. Ins. Co.*, No. 2:19-cv-81-FtM-38NPM, 2019 WL 3852731, at *3 (M.D. Fla. Aug. 16, 2019) (citations omitted). Third, Plaintiff demanded appraisal within one month of filing the suit in state court, (Doc. 35 at 4), and moved to compel appraisal within two months of the removal of the case to this Court, (*see* Docs. 1, 20). Fourth, at the time of filing its motion, Plaintiff had engaged in the case only to the extent ordered by the Court and required by the Federal Rules of Civil Procedure – *i.e.*, meeting to prepare the joint Uniform Case Management

Report and exchanging Rule 26(a)(1) initial disclosures. (*See* Doc. 31 at 2; Doc. 35 at 4).

Given these facts, the Undersigned finds that Plaintiff has not waived its right to appraisal. *See Waterford Condo. Ass'n of Collier Cty, Inc.*, 2019 WL 4863134, at *1, *report and recommendation adopted sub nom.*, 2019 WL 3852731 (finding that the plaintiff did not waive its right to appraisal when it "invoked its right to appraisal within two months after the case was removed to federal court and before propounding any discovery or engaging in motion practice").

### B. Whether Appraisal Can Only Be Compelled as a Form of Injunctive Relief.

As to Defendant's second specific contention – that seeking to compel appraisal is "tantamount to seeking a mandatory injunction," which cannot be granted because "Plaintiff did not mention, let alone argue, that it satisfied any of the requisite elements for injunctive relief," (*see* Doc. 31 at 3-4 (citations omitted)) – the Undersigned is not persuaded. Rather, the Undersigned finds that Plaintiff need not plead and prove the elements of injunctive relief for the Court to compel appraisal. Indeed, this Court has rejected the same argument, finding instead that injunctive relief is not required because "the appraisal process is not remedial." *Positano Place at Naples III Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:21-cv-183-SPC-MRM, 2022 WL 714810, at *2 (M.D. Fla. Mar. 10, 2022), *appeal docketed*, No. 22-11060 (11th Cir. Mar. 21, 2022); *see also Castillo at Tiburon Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:20-cv-468-SPC-MRM, 2021 WL 4438370, at *6 (M.D. Fla. Sept. 28,

9

2021); *Castillo at Tiburon Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:20-cv-468-FtM-38MRM, 2020 WL 7587181, at *1 (M.D. Fla. Dec. 22, 2020). Rather, as the Eleventh Circuit has noted, "[a]ppraisal is a form of alternative dispute resolution that sets a disputed loss amount." *CMR Constr. & Roofing, LLC v. Empire Indem. Ins. Co.*, 843 F. App' x 189, 193 (11th Cir. 2021) (citing *State Farm Fla. Ins. Co. v. Crispin*, 290 So. 3d 150, 151 (Fla. 5th DCA 2020)). Likewise, this Court has compelled appraisal in cases in which the sole cause of action is breach of contract. *See Castillo at Tiburon Condo. Ass'n, Inc.*, 2021 WL 4438370, at *6.

Upon review, the Undersigned finds no basis to depart from the Court's prior reasoning here.

**C.     Whether Plaintiff's Claim for Window Damage Is Barred.**

As to Defendant's third contention – that Plaintiff's claim for window damage is statutorily barred and, therefore, not subject to appraisal, (*see* Doc. 31 at 4-5 (citations omitted)) – the Undersigned is not persuaded. In support of its argument, Defendant relies on Fla. Stat. § 627.70132(2) which states:

> A claim, supplemental claim, or reopened claim under an insurance policy that provides property insurance, as defined in s. 624.604, for loss or damage caused by the peril of windstorm or hurricane is barred unless notice of the claim, supplemental claim, or reopened claim was given to the insurer in accordance with the terms of the policy within 3 years after the hurricane first made landfall or the windstorm caused the covered damage. For purposes of this section, the term "supplemental claim" or "reopened claim" means any additional claim for recovery from the insurer for losses from the same hurricane or windstorm which the insurer has previously adjusted pursuant to the initial claim. This section does not affect any applicable

10

> limitation on civil actions provided in s. 95.11 for claims, supplemental claims, or reopened claims timely filed under this section.

(*Id.* (citing Fla. Stat. § 627.70132)).[2] Defendant maintains that because the "supplemental claim" for window damage was made more than three years after the loss, the claim was denied and is not subject to appraisal. (*Id.*).

For its part, Plaintiff appears to argue that any dispute over the scope of damage can be remedied by using a line-item appraisal award, which will allow for future court involvement, if needed. (Doc. 35 at 2-3).

Upon review, the Undersigned finds the argument not persuasive for two reasons. First, the Undersigned is not persuaded that the claim for window damage constitutes a supplemental claim. Although Defendant has maintained the position on the status of the claim for window damage since its inception, (*see* Doc. 31-4 at 1 (advising Plaintiff that its "claim cannot be supplemented at this juncture because of

---

[2] The Undersigned notes that Defendant cites the recently amended version of Fla. Stat. § 627.70132. (*See* Doc. 31 at 4-5). However, the amendment does not apply to the claims at issue. *See Great Lakes Ins. SE v. Concourse Plaza, A Condo. Ass'n, Inc.*, No. 21-CV-21873, 2021 WL 5999445, at *1 n.1 (S.D. Fla. Dec. 20, 2021) (citing *Hassen v. State Farm Mut. Auto. Ins. Co.*, 674 So. 2d 106, 108 (Fla. 1996) ("It is a well established rule of statutory construction that, in the absence of an express legislative statement to the contrary, an enactment that affects substantive rights or creates new obligations or liabilities is presumed to apply prospectively . . . . Consistent with these rules of construction, it is generally accepted that the statute in effect at the time an insurance contract is executed governs substantive issues arising in connection with that contract." (citations omitted))). Unless otherwise noted, any reference to Fla. Stat. § 627.70132 in this Report and Recommendation is to the 2017 version, quoted above. *See* Fla. Stat. § 627.70132 (2017). Nevertheless, even if the presiding United States District Judge finds that the amended version of Fla. Stat. § 627.70132 applies, the Undersigned's analysis remains the same.

11

the three (3) year statute" imposed by the amended Fla. Stat. § 627.70132 (2021))), Plaintiff notified Defendant of the additional damage within a year of receiving Defendant's initial estimate on the roof damage, (*compare* Doc. 20 at 15-21 (J.S. Held LLC's estimate of damages dated April 16, 2020), *with* Doc. 31-3 (Plaintiff's email requesting to add a claim for window damage dated December 11, 2020)). Moreover, the discussions between Plaintiff and Defendant regarding the total loss because of Hurricane Irma, which includes the window damage, were ongoing.

In contrast, the cases in which the Court has found a claim to be a supplemental claim, barring appraisal, involve scenarios in which the supplemental claim was made years after the initial claim was fully appraised. *See, e.g.*, *Galindo v. ARI Mut. Ins. Co.*, 203 F.3d 771, 776 (11th Cir. 2000). For example, in *Galindo v. ARI Mut. Ins. Co.*, 203 F.3d 771, 776 (11th Cir. 2000), the insureds sought to compel appraisal on a supplemental claim made *five years* after they *settled* the initial claim, without first allowing the insurers to investigate the new claims. *Id.* On appeal, the Eleventh Circuit held that appraisal was inappropriate at that time and on that claim because "insureds must comply with the post-loss terms of their respective homeowner's policies, which enables the insurance companies to investigate the insureds' claims and to disagree with the loss amount before the appraisal term becomes effective." *Id.* at 776. Here, unlike in *Galindo*, the claim for window damage was made relatively quickly after the initial claim for roof damage was first identified. (*Compare* Doc. 20 at 15-21, *with* Doc. 31-3 at 1). Moreover, the controversy over the cost of repairs remains ongoing. Given the relation in time and

the ongoing nature of the proceedings, the Undersigned finds that the claim for windows is simply additional notice of damage under the initial claim. As such, it relates back to the initial date and is, therefore, ripe for appraisal.

Second, even assuming *arguendo* that the claim was a supplemental claim "wholly denied" by Defendant, appraisal would still be appropriate. Indeed, the denial of the claim is not based on whether the damage is a covered loss under the property but instead whether notice was given timely. (Doc. 31 at 4-5; *see also* Doc. 31-3 at 1). Thus, causation is not at issue and a dispute about the amount of loss resulting from Hurricane Irma exists. Rather than address and investigate this dispute, Defendant essentially attempts to raise an affirmative defense – the statute of limitations – as basis to preclude appraisal. While Defendant may be able to defend against its obligation, if any, to pay for any window damage based on this argument, the issue is wholly distinct from the appraisal issue. *See Waterford Condo. Ass'n of Collier Cnty., Inc. v. Empire Indem. Ins. Co.*, No. 2:19-cv-81-FtM-38NPM, 2019 WL 3852731, at *2 (M.D. Fla. Aug. 16, 2019) (holding that the "[f]ailure to claim actual-cash-value or replacement-cost damages 'may be defenses to the amount of damages that [the insured] may obtain, but [they] are not bases for denying appraisal'") (second and third alterations in original) (quoting *CMR Constr. & Roofing*, 2019 WL 2281678, at *4). Put simply, the issue of the timing of the notice is one of coverage, which may be determined by the Court *after* appraisal as to the amount occurs. *See Castillo at Tiburon Condo. Ass'n, Inc.*, 2021 WL 4438370, at *5-6 (citations omitted).

Given that the claim for window damage is clearly tied to the ongoing claim for damage resulting from Hurricane Irma and because a dispute over the amount of damages resulting from Hurricane Irma exists, the Undersigned finds that appraisal is appropriate as to both the roof and window damage.

Finally, ancillary to this issue, Plaintiff suggests the use of a detailed line-item appraisal award form. (*See* Doc. 35 at 3 (citing *Florida Ins. Guar. Ass'n, Inc. v. Olympus Ass'n, Inc.*, 34 So. 3d 791 (Fla. 4th DCA 2010))). Although the Undersigned recognizes the potential merit of using such a form, the Undersigned recommends that the presiding United States District Judge refrain from inserting such a condition into the policy. *See Castillo at Tiburon Condo. Ass'n, Inc.*, 2021 WL 4438370, at *6. Rather, because the Policy itself does not include specifications on the form to be used by the appraisal panel, (*see* Doc. 31-2 at 38), the Undersigned recommends that no such condition be imposed by the Court, *see Castillo at Tiburon Condo. Ass'n, Inc.*, 2021 WL 4438370, at *6. Nevertheless, the Undersigned recommends that the parties be directed to confer in good faith regarding the form to be used.

Alternatively, if the presiding United States District Judge disagrees with the Undersigned's analysis related to the claim for window damage, the Undersigned nonetheless recommends that appraisal be compelled as to the roof damage. In that regard, and as addressed above, a dispute over the amount of loss due to roof damage clearly exists. Thus, appraisal as to that issue may narrow any remaining issues for the Court to resolve following appraisal.

14

### D. Whether There Is Loss Under the Ordinance or Law Coverage Provision.

As to Defendant's fourth specific contention – that there is no loss under the Ordinance or Law Coverage provision because Plaintiff has not made the requisite repairs, (*see* Doc. 31 at 5-6 (citations omitted)) – the Undersigned finds that this issue does not preclude appraisal. Indeed, whether Defendant must ultimately pay for any loss under the Ordinance or Law Coverage provision does not relate to whether appraisal is appropriate. *See Waterford Condo. Ass'n of Collier Cnty., Inc. v. Empire Indem. Ins. Co.*, No. 2:19-cv-81-FtM-38NPM, 2019 WL 3852731, at *2 (M.D. Fla. Aug. 16, 2019).

The Court's analysis in *Waterford Condominium Association of Collier County, Inc. v. Empire Indemnity Insurance Co.*, No. 2:19-cv-81-FtM-38NPM, 2019 WL 3852731, at *2 (M.D. Fla. Aug. 16, 2019) is illustrative. In *Waterford*, the Court considered the analogous issue of whether appraisal was ripe despite that the policy "allow[ed the plaintiff] to elect between two measures of damages: replacement cost or actual cash value." *Id*. To support its argument that appraisal was not ripe, the defendant contended that the plaintiff had not yet performed the repairs – making the replacement-cost claim unripe – and that the plaintiff had not made an actual-cash-value claim – meaning that no dispute existed as to that amount. *Id.* The Court rejected the argument, finding that appraisal was appropriate given the disagreement as to the value of the property or the amount of loss. *Id.* In so doing, the Court explained that a defendant may raise the "[f]ailure to claim actual-cash-value or

15

replacement-cost damages 'may be defenses to the amount of damages that [the insured] may obtain, but [they] are not bases for denying appraisal.'" *Id.* (quoting *CMR Constr. & Roofing*, 2019 WL 2281678, at *4) (second and third alterations in original).

The same reasoning applies here. The parties disagree as to the amount of damages caused by Hurricane Irma. Plaintiff is thus entitled to invoke the appraisal clause. *See Waterford Condo. Ass'n of Collier Cnty., Inc.*, 2019 WL 3852731, at *2. Nevertheless, Defendant may be able to raise Plaintiff's failure to make the requisite repairs as a defense to the amount of damages, if any, it must ultimately pay. *See id.*

Given that appraisal is ripe, the Undersigned recommends that the presiding United States District Judge compel appraisal and address any questions of coverage after appraisal. *See Castillo at Tiburon Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:20-cv-468-SPC-MRM, 2021 WL 4438370, at *5-6 (M.D. Fla. Sept. 28, 2021) (citations omitted). Indeed, because the coverage issue is inherently intertwined with the question of amount of loss, appraisal is likely to assist the Court in its determination of coverage. *See id.* (citations omitted). Moreover, such a course will uphold the terms of the Policy and likely reserve the Court's resources. *See id.* (citations omitted).

Finally, ancillary to this issue, Plaintiff suggests the use of a detailed line-item appraisal award form. (*See* Doc. 35 at 3 (citing *Florida Ins. Guar. Ass'n, Inc. v. Olympus Ass'n, Inc.*, 34 So. 3d 791 (Fla. 4th DCA 2010)). For the reasons discussed above, the Undersigned recommends that the presiding United States District Judge refrain

from inserting such a condition into the policy. *See Castillo at Tiburon Condo. Ass'n, Inc.*, 2021 WL 4438370, at *6. Yet, the Undersigned recommends that the parties be directed to confer in good faith regarding the form to be used.

      **E.    Whether Plaintiff's Motion Seeks Summary Judgment Without Proper Support.**

As to Defendant's fifth and final specific contention – that Plaintiff's motion "amounts to an improper summary judgment motion seeking relief it did not plead and must meet the requirements for such a motion under Rule 56," (*see* Doc. 31 at 6-7) – the Undersigned is not persuaded.

This Court has previously explained the difference between a summary judgment motion and appraisal: "an 'appraiser determine[s] the amount of loss[,]' while 'the purpose of summary judgment is to dispose of the merits of claims and defenses that are factually unsupported.'" *Waterford Condo. Ass'n of Collier Cnty., Inc.*, 2019 WL 3852731, at *2 (alterations in original) (quoting *CMR Constr. & Roofing, LLC*, 2019 WL 2281678, at *3). Thus, this Court has found that a motion to compel appraisal is distinct from a motion for summary judgment when the operative pleading contains no demand for appraisal. *See id.* (distinguishing *Indian Harbor Ins. Co. v. Int'l Studio Apartments, Inc.*, No. 09-CIV-60671, 2009 WL 10668574 (S.D. Fla. Sept. 22, 2009)).

Unlike in *Indian Harbor Ins. Co. v. Int'l Studio Apartments, Inc.*, No. 09-CIV-60671, 2009 WL 10668574 (S.D. Fla. Sept. 22, 2009) – which Defendant cites – Plaintiff's Complaint here does not include a demand for appraisal. (*See* Doc. 1).

17

Thus, appraisal will not dispose of any claim or defense – and instead will simply narrow the issues before the Court. *Waterford Condo. Ass'n of Collier Cnty., Inc.*, 2019 WL 3852731, at *2 (citation omitted). As a result, neither the parties nor the Court need to treat the motion as one for summary judgment. *See id.*; *see also CMR Constr. & Roofing, LLC*, 2019 WL 2281678, at *3 ("Unlike a summary judgment motion, a determination of whether appraisal is appropriate does not determine whether there is a genuine disputed material fact or whether the moving party is entitled to judgment."), *aff'd on other grounds*, 843 F. App'x 189 (11th Cir. 2021).

Accordingly, the Undersigned finds Defendant's argument that the *sub judice* motion is an improper motion for summary judgment meritless. *See Waterford Condo. Ass'n of Collier Cnty., Inc.*, 2019 WL 3852731, at *2; *see also CMR Constr. & Roofing, LLC*, 2019 WL 2281678, at *3.

### F.  Whether these Proceedings Should Be Stayed Pending Completion of the Appraisal.

In addition to seeking appraisal, Plaintiff perfunctorily requests that the Court stay these proceedings pending completion of the appraisal under the terms set forth in the Policy. (Doc. 20 at 7). Neither party substantively addresses this request. (*See* Docs. 20, 31).

Upon a review of the allegations underlying this dispute, the Undersigned finds that a stay of these proceedings is appropriate as the completion of the appraisal may resolve a majority, if not all, of the parties' dispute. *See Waterford Condo. Ass'n of*

18

*Collier Cnty., Inc.*, 2019 WL 3852731, at *3 ("[A] stay would preserve judicial resources because appraisal might resolve the parties' dispute.").

## CONCLUSION

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1. The Motion to Compel Appraisal (Doc. 20) be **GRANTED**;

2. This action be **STAYED** pending completion of the appraisal process and the Clerk of Court directed to add a stay flag to this case;

3. The parties be directed to jointly notify the Court of the names of (a) each party's selected appraiser and (b) the umpire, by a date certain;

4. The parties be directed to file a joint report on the status of appraisal every ninety (90) days; and

5. The parties be directed to file a joint notice stating (a) what issues, if any, remain for the Court to resolve, (b) whether the stay needs to be lifted, and (c) how this action should proceed, no later than fourteen (14) days after the conclusion of the appraisal.

**RESPECTFULLY RECOMMENDED** in Fort Myers, Florida on April 6, 2022.

_____
Mac R. McCoy
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the date the party is served a copy of this Report and Recommendation to file written objections to the Report and Recommendation's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. A party wishing to respond to an objection may do so in writing fourteen days from the date the party is served a copy of the objection. To expedite resolution, the parties may also file a joint notice waiving the fourteen-day objection period.

Copies furnished to:

Counsel of Record
Unrepresented Parties