UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARBELLA AT SPANISH WELLS
1 CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

v.                                          Case No.:  2:21-cv-641-SPC-MRM

EMPIRE INDEMNITY
INSURANCE COMPANY,

    Defendant.
_____/

## OPINION AND ORDER[1]

Before the Court is United States Magistrate Judge Mac R. McCoy's Report and Recommendation (Doc. 45), recommending that the Court grant Plaintiff's Motion to Compel Appraisal (Doc. 20). Defendant objected (Doc. 46), and Plaintiff responded (Doc. 47). After independently examining the file and on consideration of Judge McCoy's findings and recommendations, the Court accepts and adopts the R&R in whole.

When reviewing an R&R, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). When a party specifically objects to an R&R, the district court engages in a de novo review of the issues raised. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## BACKGROUND

This is a Hurricane Irma dispute. The storm damaged Marbella's property. The insurance policy between Marbella and Empire covered the Irma losses ("Policy"). Empire decided there was a covered loss but refused to pay the full extent of the loss. Because the parties disputed the amount of loss, Marbella invoked the Policy's appraisal provision. That provision provides either party the right to invoke appraisal for amount-of-loss disputes and sets out a procedure. But Empire refused to comply with the appraisal process so Marbella sued.

Empire brings a one-count Amended Complaint for breach of contract. (Doc. 4). Empire denies that the claim is suitable for appraisal and denies that Marbella has complied with the Policy terms entitling it to appraisal.

## DISCUSSION

Empire raises five objections to the R&R: (1) Marbella did not sufficiently plead or show entitlement to injunctive relief in the form of specific performance; (2) Empire is entitled to certain guidelines or boundaries for the conduct of appraisal to satisfy due process; (3) appraisal should not be compelled absent a trial or summary judgment adjudication that Empire

2

breached the appraisal provision; (4) appraisal cannot be compelled for window damage for which coverage was denied; and (5) there is no reason to stay the case.

1. **Injunctive Relief**

Empire argues that compelling appraisal constitutes enforcement of contractual terms by injunctive relief in the form of specific performance, which must be sufficiently pled and proven before the Court may procedurally exercise its power to award it. Empire argues Marbella pleads only a contractual, not an equitable cause of action, and may not seek relief it does not plead. In other words, Marbella must first obtain a judgment in its favor for specific performance before an appraisal may take place.

The problem for Empire is that the appraisal process is not remedial. Just as an order requiring the parties to attend a mediation is not remedial, participation in the appraisal process will not remedy the damages caused by Hurricane Irma. Rather, as a remedy for the harms caused by Hurricane Irma, Marbella seeks to recover the benefits due under the policy in the form of a judgment for monetary damages. The appraisal will be but one step in this process, supplying an extra-judicial mechanism to calculate the amount of loss. As the Eleventh Circuit explained in *CMR Construction and Roofing, LLC v. Empire Indem. Corp.*, 843 F. App'x 189, 193 (11th Cir. 2021): "Appraisal is a form of alternative dispute resolution that sets a disputed loss

amount." *See also Breakwater Commons Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:20-cv-31-JLB-NPM, 2021 WL 1214888, at *3 (M.D. Fla. Mar. 31, 2021) (recognizing that appraisal is neither a remedy nor a theory of recovery, but a private dispute-resolution mechanism; finding that the Court will not treat references to private dispute-resolution mechanisms as summary judgment-like motions because to do so would undermine the parties' agreement). As recognized by this Court within the past year, Empire has advanced the injunction argument before and failed. *Positano Place at Naples II v. Empire Indem. Ins. Co.*, No. 2:21-cv-181-SPC-MRM, 2022 WL 714809, at *2 (citing *Waterford Condo. Ass'n of Collier Cty., Inc. v. Empire Indem. Ins. Co.*, No. 2:19-CV-81-FTM-38NPM, 2019 WL 3852731, at *2 (M.D. Fla. Aug. 16, 2019), *reconsideration denied*, No. 2:19-CV-81-FTM-38NPM, 2019 WL 4861196 (M.D. Fla. Oct. 2, 2019) (citing *CMR Constr. & Roofing, LLC v. Empire Indem. Ins. Co.*, No. 2:18-CV-779-FTM, 2019 WL 2281678, at *3 (M.D. Fla. May 29, 2019)).

The Court's source of authority to order the parties to participate in an alternative dispute process comes from its subject-matter jurisdiction over a contract dispute where the contract contains a provision where the parties contracted for the right to have amount-of-loss disputes decided informally by experienced appraisers. Further, because appraisal will not dispose of any claims or defenses, the Court does not treat the motion to compel appraisal as one for summary judgment. *Waterford*, 2019 WL 3852731, at *2 ("Unlike a

4

summary judgment motion, a determination of whether appraisal is appropriate does not determine whether there is a genuine disputed material fact or whether the moving party is entitled to judgment.").

Thus, Empire's objections that Plaintiff did not sufficiently plead or show entitlement to specific performance and that appraisal should not be compelled absent a summary judgment or trial, are overruled.

### 2. Appraisal Award Guidelines

Empire argues that if it is forced to appraisal, the Court should impose certain minimal guidelines or "judicial guarantees" to ensure the parties receive due process protections. (Doc. 46 at 9). The Court has denied requests to impose guidelines on the appraisal process in the past because no policy language requires such a form, and the Court relies on that line of cases here. *See Castillo*, 2021 WL 4438370, at *6; *Waterford*, 2019 WL 3852731, at *3; *Coral Reef Metro, LLC v. Scottsdale Ins. Co.*, 2:18-cv-460-FtM-38CM, 2019 WL 721286, at *3 (M.D. Fla. Jan. 30, 2019), *report and recommendation adopted*, 2:18-cv-460-FtM-38UAM, 2019 WL 700114 (M.D. Fla. Feb. 20, 2019). Still, Judge McCoy recommends that the parties be directed to confer in good faith regarding the form to be used. Seeing no objection to this recommendation, the Court need correct only plain error as demanded by the interests of justice. *See, e.g.*, *Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985). Plain error exists if (1) "an

error occurred"; (2) "the error was plain"; (3) "it affected substantial rights"; and (4) "not correcting the error would seriously affect the fairness of the judicial proceedings." *Farley v. Nationwide Mut. Ins.*, 197 F.3d 1322, 1329 (11th Cir. 1999). The Court finds no plain error in Judge McCoy's recommendation and thus adopts it.

### 3. Window Damage

Empire argues that appraisal is improper for a window damage claim for which it denied coverage. The parties dispute whether the claim for window damages was a supplemental claim. Judge McCoy was not persuaded that the claim constituted a supplemental claim, but in any event, recommended that appraisal is appropriate because the timing of the notice is one of coverage, which may be determined by the Court after appraisal occurs. (Doc. 45 at 13 (citing *Castillo*, 2021 WL 4438370, at *5-6)).

Here, there is at least a dispute over whether the windows are covered. The Court has "discretion over the relative timing of appraisal and coverage determinations," and requiring appraisal as to the buildings covered by the Policy will "likely assist the Court when it later determines coverage." *Castillo*, 2021 WL 4438370, at *5-6. Thus, Empire's objections are overruled.

### 4. Staying the Proceedings

Finally, Empire objects to a stay. Marbella favors a stay. A district court "has broad discretion to stay proceedings as an incident to its power to control

its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The party seeking the stay must show good cause and reasonableness. *See Belloso v. Asplundh Tree Expert Co.*, No. 6:18-cv-460-Orl-40TBS, 2018 WL 4407088, at *2 (M.D. Fla. Sept. 17, 2018). In deciding whether a stay is suitable, courts examine several factors including "(1) whether a stay will simplify the issues and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and the court; and (3) whether the stay will unduly prejudice the non-moving party." *Shire Dev. LLC v. Mylan Pharm. Inc.*, No. 8:12-CV-1190-T-36AEP, 2014 WL 12621213, at *1 (M.D. Fla. July 25, 2014) (citation omitted).

The Court finds that a stay is appropriate as appraisal may resolve the parties' dispute. *See Waterford*, 2019 WL 3852731, at *3 ("[A] stay would preserve judicial resources because appraisal might resolve the parties' dispute."). If appraisal does not resolve the parties' dispute, the stay will be lifted, and the Court contemplates post-appraisal proceedings as Empire has defenses it will likely want to litigate post-appraisal.

The Court thus rejects all of Empire's objections. After independently examining the file and on consideration of Judge McCoy's findings and recommendations, the Court accepts and adopts the R&R.

Accordingly, it is now **ORDERED:**

Plaintiff's Objections to the United States Magistrate Judge's Report and Recommendation (Doc. 46) are **OVERRULED**.  United States Magistrate Judge Mac R. McCoy's Report and Recommendation (Doc. 45) is **ACCEPTED and ADOPTED** and the findings incorporated herein.

1. Plaintiff's Motion to Compel Appraisal and Stay Proceedings (Doc. 20) is **GRANTED**.  The parties are **ORDERED** to expeditiously conduct an appraisal as prescribed by the appraisal provisions of the Policy. The parties must confer in good faith regarding the form to be used.

2. This case is **STAYED** pending appraisal, and the Clerk must add a stay flag to the file.

3. The parties are **DIRECTED** to file a joint report on the status of appraisal on or before **July 28, 2022**, and every **ninety days** thereafter until appraisal has ended.

4. Within **seven days** of appraisal ending, the parties are **DIRECTED** to jointly notify the Court of (a) what issues, if any, remain for the Court to resolve; (b) whether the stay needs to be lifted; and (c) how this action should proceed.

**DONE** and **ORDERED** in Fort Myers, Florida on April 29, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record