UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARBELLA AT SPANISH WELLS
1 CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

v.                                      Case No.:  2:21-cv-641-SPC-KCD

EMPIRE INDEMNITY
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

    This Hurricane Irma case involves damage to a multi-unit condominium complex. After the parties were ordered to appraisal, Defendant appealed. (Doc. 49.) The case is now back and ready to proceed, but the parties cannot agree on the form of the appraisal award. They made their arguments on this issue at several hearings. (Docs. 100, 109.) And they have submitted briefs concerning the appraisal form, as well as competing forms. (Docs. 113, 114, 113-2, 114-1.) Both parties profess that their appraisal form complies with the Policy and Florida law. (Doc. 113 at 2; Doc. 114 at 3.)

    Dictating the form of the appraisal award would likely benefit the Court (and the parties) in any future coverage dispute. But that cannot be done without the Court effectively "rewriting the parties' Policy to add conditions

for the appraisal process that were not part of [their] bargain." *Creekside Crossing Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:20-CV-136-JLB-MRM, 2022 WL 962743, at *8 (M.D. Fla. Jan. 31, 2022); *see also Intervest Const. of Jax, Inc. v. Gen. Fid. Ins. Co.*, 133 So. 3d 494, 497 (Fla. 2014) ("Courts may not rewrite contracts, add meaning that is not present, or otherwise reach results contrary to the intentions of the parties.").

That said, the appraisal provision cannot be read in a vacuum. It is part of a larger contract that dictates the coverages and exclusions applicable to any loss. The parties' Policy must be taken into account as part of appraisal. Otherwise, the rest of the bargain becomes illusory. Accordingly, the appraisal award must be made with full consideration of the provisions, exclusions, and other terms of the Policy (Doc. 113-1), as well as Florida law. Any party that uses a form not accounting for these items does so at its own peril.

Accordingly, it is **ORDERED**:

1. The parties' memorandums in support of appraisal form (Docs. 113, 114) are **GRANTED** to the extent consistent with this Order. The memos are **DENIED** to the extent that they seek any different or greater relief.

2. This case is **STAYED** pending appraisal, and the Clerk must add a stay flag to the file and **ADMINISTRATIVELY CLOSE THE CASE**.

3. The parties are **DIRECTED** to file a joint report on the status of appraisal by **August 1, 2024**, and every ninety days after until appraisal has ended.

4. Within 15 days of a signed appraisal award, the parties are **DIRECTED** to jointly notify the Court of (a) what issues, if any, remain for the Court to resolve; (b) whether the stay needs to be lifted; and (c) how this action should proceed, if at all.

**ORDERED** in Fort Myers, Florida on May 3, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record